Scott, C. J.
The will of Simeon Jennings, under which the questions in this case arise, was executed in West Virginia, where the testator was domiciled at the time of his death. He OAvned numerous tracts of land, many of which are situated in this State, and also personal property of the value of $200,000 or more. By his last will and testament, duly probated in West Virginia, and admitted to record in this State, he gave to his wife, the present plaintiff, one-half of all his personal property, and one-third of all his real estate wherever situated, during her natural life. To the defendants, who are his surviving brothers and sisters, and the descendants of deceased brothers and sisters, he gave one-half of all his personal property, and two-thirds of all his real estate wherever situated. The will makes no disposition of the remainder in fee of the third of his lands devised to his wife for life ; and as he left no issue, she succeeds to this undevised estate, as his heir.
*75 The plaintiff has elected not to accept the provision made for her by the will of her husband; and in the assertion of her supposed statutory rights, she now demands partition of the lands in Ohio of which her husband died seised ; of which she claims to be the owner in fee of an undivided third part, as heir at law of her late husband ; and also asks for the assignment to her, as his widow, of dower in the remaining two-thirds which were devised to the defendants.
This claim is partially resisted by the defendants, who insist that the provision made for the plaintiff in the will of the testator, was intended by him to be in lieu of dower; and that it was his intention that they should hold the two-thirds of his lands devised to them, free from her right to dower therein ; and that if this intention be defeated by her rejection of the provision made for her by the will, and the assertion of her rights as dowress, they are entitled, for what they thus lose of the testator’s intended bounty, to be compensated out of the devise which she rejects. And as her dower estate in the two-thirds of the land devised to them, is the exact equivalent of what is left of the one-third devised to her, after taking out her dower therein, they claim that she is entitled simply-to one-third of the lands in fee simple. They concede that she is entitled, as dowress, to a life estate in one-third of all the lands of which partition is sought, and that as heir she is entitled to the remainder in fee, of the undivided third part of the same lands, after the termination of the life estate devised to and rejected by her; and that these estates, if assigned to her in the same third oí the land, will, by merger, constitute a fee simple; leaving to them the remaining two-thirds of the land in fee, free from dower, which will be neither more nor less than the testator intended to give them.
These conflicting claims give rise to the questions in this case. In the consideration of the case we shall inquire :
1. "Whether the provision made for the plaintiff, in the will of the testator, is to be regarded as having been made in lieu of dower, or in addition to dower.
2. If the provision be in lieu of dower, then does an *76 equitable right to compensation arise in favor of the defendants, from the plaintiff’s election to reject the provision and assert her right to dower ?
We find nothing in any part of the will, which either expressly, or by necessary implication, answers the former of these questions. In .such a case, the doctrine of the common law is that the- provision shall be regarded as having been intended to be given in addition to dower. And such, it is conceded, is the law of West Virginia, the place of the testator’s domicile. The 43d section of the wills’ act of this State reverses this rule of construction, at least as to domestic wills ; and declares that if any provision be made for a widow in the will of her husband, she shall make her election, whether she will take such provision or be endowed of the lands of her husband; but that she shall not be entitled to both, unless it plainly appears by the will to have been the intention that she should have such provision in addition to her dower. Now, in the case of a foreign will, devising lands situated in this State, is its construction to be governed by the law of the testator’s domicile, or by that of this State, within which the lands devised lie ? Laws cannot, proprio vigore, have any extra territorial operation or effect. And in regard to wills of real property, it is well settled by all the authorities, that the construction, as well as the mode of execution and validity of such wills, must be governed exclusively by the lex rei sitae. The question of testacy or intestacy, as to real estate and the succession, in either case, is governed solely by the law of the place where the property is situated. 1 Redf. on Wills, 307, 8 ; 1 Jarman, 2, 3; 2 Jarman, 762. Bailey v. Bailey, 8 Ohio, 239 ; Meese v. Keefe, 10 Ohio, 362; Manuel v. Manuel, 13 Ohio St. 463, and authorities there cited.
It is true that in regard to the mode of execution and probate of foreign wills, the 26th section of the wills’ act of this State provides that authenticated copies of wills executed and proved according to the laws of any State or territory of the United States, relative to property in this State, may be admitted to record, in the probate court of *77 any county in this State, where any part of such property may be situated; “ and such authenticated copies, so recorded, shall have the same validity in law as wills made in this State, in conformity with the laws thereof, are declared to have.” But, in such case, the validity of the foreign will, of which a copy is thus recorded, is derived from the provisions of this section, and not from the foreign law, to which its execution and probate conform.
But, it is claimed that, admitting that the construction of the will in this case is governed by the law of this State, yet that the rule of construction prescribed by the 43rd section of the wills’ act, to which we have referred, was clearly intended to apply only to domestic wills. The section in full reads thus:
“If any provision be made for a widow in the will of her husband, it shall be the duty of the probate judge, forthwith after the probate of such will, to issue a citation to said widow to appear and make her election whether she will take such provision or be endowed of the lands of her said husband ; and said election shall be made within one year from the date of the service of the citation aforesaid : but she shall not be entitled to both, unless it plainly appears by the will to have been the intention that she should have such provision in addition to her dower.”
We think it must be conceded, as claimed by counsel, that the provisions of this and the following sections, which prescribe the time and manner of making her election, and the effect of her election to take under the will, &c., ai’e clearly inapplicable to the case of foreign widows, and were only intended to apply to domestic wills, where the probate of the will and the settlement of the estate would properly belong to tne probate courts of this State ; and that the purpose of these provisions was, as counsel suggest, to secure a. free choice to the widow ; to require her to elect within such time as would not delay the settlement of the estate ; and to make the final settlement conform to her election. Still, it does not follow that the rule which the 43rd section prescribes for the construction of the will, was not intended to be gen *78 eral, and to apply in all cases in which its construction would properly belong to the courts of this State. The purpose of the rule prescribed was, no doubt, to carry out, and not to defeat the intention of the testator. The enactment proceeds on the idea that where a provision which can properly be called such, is made for a widow in the will of her husband, and it does not plainly appear from the will that the testator’s intention was that it should be in addition to dower, that his intention would generally be more likely to be effectuated by regarding the provision as having been made in lieu of dower, than by following the common law rule. The statute therefore raises a presumption as to the intention of the testator, in such a case as conclusive on that question as the plainest words in the will could possibly have made it.
This is not the only instance in which the statute construes particular Ismguage in a will as indicative of au intention wholly different from that which the same language would indicate, if construed according to the rules of the common law. The 53rd section of the same wills’ act reverses the rule in Shelly's case. It does so. doubtless, because the legislature believed that rule of the common law tended to defeat, rather than to carry out, the intention of testators. There can be no doubt but that the rule of construction, thus given by the 53rd section, applies to all wills, wherever made, whatever may be the rule governing that subject in the place of the testatatof’s domicile. Now, why should the intention of the testator be ascertained in the latter case, by a rule of construction prescribed by the lex rei sito;, and in the former case, by the law of the domicile ? Did the legislature intend that the legal force and effect of a foreign will, when duly probated abroad, and admitted to record in this State, should be different from that of a domestic will couched in the same terms ? Did they intend, on principles of comity, to adopt the foreign law, not only in regard to the mode of formal execution of a will, aud the effect of the judgment of a- foreign court of probate, as to the conformity of the execution of the will with the requirements of the law of the testator’s domicile, but also as furnishing the rule of construe *79 tion for the will, when thus executed and duly proved in a foreign jurisdiction ? No principles of comity require that in a will of real property, the construction and effect of plain and unambiguous terms shall be g'overned by the law of the domicile, and not by the law of the place where the property is situated. The Ohio statute clearly repudiates, in respect to domestic wills, the rule of construction given by the common law ; and as to foreign wills, it declares that when duly executed and proved according to the law of the testator’s domicile, authenticated copies of such wills and probate, when admitted to record in this State, and duly recorded, “ shall have the same validity,” [that is, the same legal force and efficacy] “ as wills made in this State, in conformity with the laws thereof, are declared to have.” The effect of this provision, as was said in Bailey v. Bailey, 8 Ohio, 239, was merely to place the will on the same footing as though the original probate had been made in this State ; that is, to place it on the same footing as that of a domestic will. Now, if the foreign and the domestic will both stand on the same footing, are both to have the same legal force and efficacy ? They must both be subject to the same general law of construction, unless the statute provides otherwise. To hold otherwise, would be to give an operation and effect to the one, which is denied to the other ; and to make the construction and effect of the testator’s will, in its operation upon titles to lands in this State, depend upon the law of another sovereignty. We cannot believe that such was the intention of the legislature.
If we are right in these views, it follows that, under the statutory rule of construction, we must presume it was the intention of the testator, that the provision made for the plaintiff in his will, should be in lieu of dower. And on the question of his intention, this presumption is as conclusive as the plainest language in his will could haye possibly been. And this being so, a necessity forelection arises, from the very nature of the case. The widow cannot claim, both under the will, and adversely to it. She has a right to do either, but cannot do both. It may not be necessary, in the *80 case of a foreign will, that she make her election within the time, or in the manner, prescribed by the statute in the case of domestic wills. Nevertheless, the will, properly construed, having created a case for election, at common law, such election must be made, whenever the protection of the rights of other interested parties makes it necessary ; and in such manner as will be binding upon her.
No difficulty on that subject arises in this case, for she avers in her petition, that she has elected not to take under the will of her husband ; and the defendants do not call this averment in question.
The authorities concur in holding, that a bequest of property by a testator to his wife, with the intention of its being in satisfaction of her dower, creates a case of election. 2. Story’s Eq. Jur. § 1088, and authorities there cited.
It remains to consider, briefly, whether the right to compensation results in favor of defendants, as an equitable incident of the plaintiff’s election adverse to the will.
The doctrine of election and compensation is acted upon and enforced by courts of equity ; and may be stated thus:
If a testator assume by his will to give to A. property which belongs to B., and by the same will makes a bequest or devise to B. of property which he has the right to dispose of, B. is not permitted to take the property thus given him by the will, and at the same time assert his rights of ownership in the property given to A. He may do either, but not both: Hence, a case of election arises ; and if he elect to reclaim his own property, a court of equity will sequester so much of the bequest or devise in his favor, as may be necessary to compensate A. for that which is taken from him by the election.
The rule is thus stated by Mr. Swanston : “In the event of an election against the instrument, courts of equity assume jurisdiction to sequester the benefit intended for the refractory donee, in order to secure compensation to those whom Ins election disappoints.” Gretton v. Haword, 1 Swanst. 441, note.
“The effect of election is not to divest the property out *81 of the donee, but to bind him to deal with it as the court shall direct.” Adams’ Equity, 267.
The whole subject is fully discussed by Justice Story, in his commentaries, on Equity Jurisprudence, Yol. 2, § 1075. et seq. And it may suffice to say, that the doctrine of compensation, as incidental to testamentary election, is an old and well established one. And resting as it does on principles of the clearest equity, no good reason is perceived for denying its proper application to the case of a widow who elects to withdraw her right of dower from the operation of the will, and to forego the benefit of a provision made for her in the will, in lieu thereof. Where a will contravenes no public policy, effect is to be given to the intention of the testator, in so far as the protection of the rights of others will permit. A widow has a perfect right to insist that the dower, which the policy of the law awards to her, shall not be taken from her by the will of a deceased husband. But she has no equitable right, as widow, to insist that the benefit intended by the testator, as a compensation for her dower, shall be treated, upon her rejection of it, as a lapsed legacy or devise, and go to the heir as intestate property. And her rights, as widow, are not affected by the fact that she may be, as in this case, herself the heir.
The authorities cited by counsel for defendants clearly show that the rule in cases of testamentary election, is compensation or forfeiture, and not intestacy ; and that the principle of compensation is applied in the case of an election against the will by a widow, equally with that of a similar election by any other devisee. Timberlake v. Parish, 5 Dana, 352 ; McCallister v. Brand, 11 B. Monroe, 395 ; Kainnaird v. Williams, 8 Leigh, 400-409 ; Dixon v. McCue, 14 Grattan, 540.
We are of opinion that the defendants are equitably entitled to take the two-thirds of the life estate devised to the widow and which she rejects ; this being the exact equivalent of the dower estate which she rightfully claims in the premises devised to them. The result is, that we find the plaintiff entitled to one-third part of the lands described in *82 her petition, in fee simple ; and. that the defendants are entitled to the remaining two-thirds of the same lands, free and discharged from the plaintiff’s right of dower therein.
Decree accordingly.
Welch, White, Day and McIltaine, JJ., concurred.